IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-80974-CIV-DIMITROULEAS
Magistrate Judge Snow

PNCEF, LLC d/b/a PNC AVIATION
FINANCE, formerly known as National City
Commercial Capital Company, LLC Successor
by merger to National City Commerical Capital
Corporation

       Plaintiff,

v.

HIGHLANDER ENTERPRISES, LLC, a
Delaware limited liability company; THOMAS
M. DOWNS, an individual

       Defendants,
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF PNCEF'S CORRECTED MOTION FOR ORDER THAT JUDGMENT DEBTOR COMPLETE FLORIDA RULE OF CIVIL PROCEDURE 1.977 (FACT INFORMATION SHEET) AND MEMORANDUM OF LAW**

       Defendants, HIGHLANDER ENTERPRISES, LLC ("HIGHLANDER") and THOMAS M. DOWNS ("DOWNS"), by counsel, file Defendants' Response to Plaintiff, PNCEF's Corrected Motion for Order That Judgment Debtor Complete Florida Rule of Civil Procedure 1.977 (Fact Information Sheet) (ECF #57) and Memorandum of Law, and state as follows:

       1.    Form 1.977 is a form provided in the Florida Rules of Civil Procedure.  It is not part of the Federal Rules of Procedure.

       2.    Although FRCP 69(a) provides that procedure on proceedings in aid of execution must accord with the procedure of the state where the court is located, the rule does not specifically state that forms available for use in Florida state court proceedings must be allowed in federal court.

       3.    Plaintiff should not be afforded the use of a state court form in aid of execution in lieu of other available forms of discovery (e.g., request for admissions, request for production of documents, request for admissions) that are provided for under the federal rules of civil procedure.

4. The form does not request information in sequentially numbered requests, and it both requires information to be inserted in blanks on the form, and also requires the production of documents. It combines different forms of discovery, and it does not lend itself to a separate response with the opportunity for Defendants to make objections.

5. The Court should not require Defendants to complete Form 1.977, and should instead limit Plaintiff to the types of discovery mechanisms allowed by the federal rules of civil procedure.

**Plaintiff Seeks Information Regarding DOWNS' Wife's Finances
Even Though She is not a Defendant in this Case**

6. Even if the Court determines that Form 1.977 can be used, Plaintiff has not complied with Fla. R. Civ. P. 1.560(d).

7. The judgment in this case is against HIGHLANDER and DOWNS. The judgment is not against DOWNS' wife.

8. Nonetheless, Form 1.977, which Plaintiff wants this Court to order Defendants to complete, requests financial information regarding DOWNS' wife.

9. The rule addresses this issue.

> **Information Regarding Assets of Judgment Debtor's Spouse.** In any final judgment, if requested by the judgment creditor, the court shall include the additional Spouse Related Portion of the fact information sheet *upon a showing that a proper predicate exists for discovery of separate income and assets of the judgment debtor's spouse*.

Fla. R. Civ. P. 1.560(d) (emphasis added).

10. Plaintiff has made no showing that a proper predicate exists for discovery of separate income and assets of DOWNS' wife. DOWNS' wife is not a defendant in this case, has been served with no process, and she is not subject to the jurisdiction of this court.

11. Financial worth discovery is ordinarily discoverable only in aid of execution after judgment has been entered against that person. Gruman v. Bankers Trust Co., 379 So.2d 658, 659 (Fla. 3d DCA 1980).

12. "[T]he law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records." <u>Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation</u>, 477 So.2d 544, 548 (Fla.1985).

13. This stems from the right of privacy provided in the Florida Constitution, <u>Id.</u>, which provides in relevant part: "Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein." Art. I, §23, Fla. Const.

14. "Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure." <u>Borck v. Borck</u>, 906 So.2d 1209, 1211 (Fla. 4th DCA 2005).

15. In addition to being private information that is constitutionally protected from forced disclosure, providing this information would violate Florida's husband-wife privilege, §90.504, Fla. Stat., which DOWNS asserts. Florida's privilege applies in this civil case. *See* FRE 501 (in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law).

16. The Florida husband-wife privilege can be invoked by either spouse. §90.504(1), Fla. Stat.

17. Based on the foregoing, the Court should enter a Protective Order preventing Plaintiff from obtaining discovery by use of Form 1.977.

### If Plaintiff's Motion is Granted, Defendants Should not be Required to Disclose Matters Outside the Scope of the Writ of Execution

18. Form 1.977 is a form of discovery in aid of execution. It is not to be used for any other purpose. Consequently, its use must be limited to the scope of the writ of execution.

19. If no writ of execution has issued, Defendants should not have to complete the form. Defendants have filed a separate response to Plaintiff's motion in which Plaintiff requests issuance of writs of execution.

20. If the Court determines that Form 1.977 can be used, the Court should enter a protective order relating to the following matters.

21. For the reasons provided above, the Court should order that Plaintiff is not entitled to information about DOWNS's wife's finances.

22. If a writ of execution does issue, the information responsive to Form 1.977 should be limited to the scope of the writ, which is by its express terms limited to "the goods and chattels, lands and tenements" in the district of the U.S. Marshal to which the writ is directed. In this case, that is the Southern District of Florida.

23. Therefore, the information responsive to the writ should be limited to such property of Defendants located within the Southern District of Florida.

24. Since the sole purpose of Form 1.977 is discovery in aid of execution, then only property subject to levy should have to be disclosed.

25. Under Florida law, property held as tenants by the entireties is exempt from levy where a judgment is only against one spouse. Sunshine Resources, Inc. v. Simpson, 763 So. 2d 1078 (Fla. 4th DCA 1999).

> A joint tenant whose interest is w.r.o.s. has an interest that is subject to execution on a judgment lien. E.g., McDowell v. Trailer Ranch, Inc., 421 So.2d 751 (Fla. 4th DCA 1982). A joint tenant whose interest is by the entireties, however, does not have an interest that is subject to execution on a judgment lien. E.g., Neu v. Andrews, 528 So.2d 1278 (Fla. 4th DCA 1988).

Hurlbert v. Shackleton, 560 So.2d 1276 (Fla. 1st DCA 1990).

26. The judgment in this case is not against DOWNS' wife. She was not even a defendant in this case.

27. The Court should enter a protective order that Defendant is not required to disclose property held as tenants by the entirety, as it is not relevant since it cannot be levied upon.

28. Fla. R. Civ. P. 1.560 provides that Form 1.977, including all required attachments, will be completed " within 45 days of the order *or such other reasonable time as determined by the court*."

29. DOWNS suffers from documented bicuspid aortic valve disease complicated by post stenotic dilation of the thoracic aorta and aneurysmal dilation of same. His aortic aneurysm is approaching 5 centimeters. A copy of a letter from Michael F. Lesser M.D., DOWNS' cardiologist, stating this diagnosis is attached hereto as Exhibit "A." Dr. Lesser strongly recommends that DOWNS avoid any type of stressful situations until a decision can be made with respect to repair of his ascending aortic aneurysm which almost certainly will be required when its size exceeds 5 centimeters.

30. These proceedings have been extremely stressful for DOWNS.

31. Exacerbation of this stress could be life threatening.

32. DOWNS respectfully requests that he should not be required to respond to discovery in aid of execution until such time as his cardiologist deems that DOWNS' condition has improved to the point of being able to handle the stress. DOWNS requests that the Court should enter a protective order to this effect.

33. As DOWNS is the sole managing member of HIGHLANDER, DOWNS requests that he not be required to complete Form 1.977 for HIGHLANDER, as this would be equally stressful to him.

WHEREFORE, Defendants, HIGHLANDER ENTERPRISES, LLC, and THOMAS M. DOWNS, respectfully request that this Court deny Plaintiff's Motion for Order That Judgment Debtor Complete Florida Rule of Civil Procedure 1.977 (Fact Information Sheet), or alternatively,

that this Court enter a protective order as requested herein, and other relief as is just.

<div style="display: flex; justify-content: space-between;">
<div>

January 21, 2011
Date

</div>
<div>

/s/ David J. Volk
David J. Volk, Esq.
Florida Bar #0712949
Email: dvolk@volklawoffices.com
Volk Law Offices, P.A.
700 S. Babcock Street, Suite 402
Melbourne, Florida 32901
Telephone: (321) 726-8338
Facsimile: (321) 726-8377

</div>
</div>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 21, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

January 21, 2011                         /s/ David J. Volk
Date                                     David J. Volk, Esq.
                                         Florida Bar #0712949
                                         Email: dvolk@volklawoffices.com
                                         Volk Law Offices, P.A.
                                         700 S. Babcock Street, Suite 402
                                         Melbourne, Florida 32901
                                         Telephone: (321) 726-8338
                                         Facsimile: (321) 726-8377

                                         Counsel of Record for Defendants

**SERVICE LIST**

David J. Volk, Esq.
Volk Law Offices, P.A.
700 S. Babcock St., Suite 402
Melbourne, FL 32901
(321) 726-8338 tel.
(321) 726-8377 fax
dvolk@volklawoffices.com
Attorney for Defendants

John E. Lucian, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5442
Fax: (215) 832-5442
lucian@blankrome.com
Attorney for Plaintiff

Francis X. Crowley, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5627
Fax: (215) 832-5627
crowley@blankrome.com
Attorney for Plaintiff

Jaret N. Gronczewski, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5508
Fax: (215) 832-5508
gronczewski@blankrome.com
Attorney for Plaintiff