UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)


CASE NO.:    09-80974-CIV-DIMITROULEAS/SNOW

PNCEF, LLC, d/b/a PNC AVIATION
FINANCE, formerly known as National City
Commercial Capital Company, LLC successor
by merger to National City Commercial Capital
Corporation,

          Plaintiff,

vs.

HIGHLANDER ENTERPRISES, LLC,
a Delaware Limited Liability Company;
THOMAS M. DOWNS, an Individual

          Defendants.

_____/


**PLAINTIFF'S REPLY IN SUPPORT OF CORRECTED MOTION FOR ORDER THAT
JUDGMENT DEBTOR COMPLETE FLORIDA RULE OF CIVIL PROCEDURE 1.977
(FACT INFORMATION SHEET)**


Plaintiff submits this Reply in support of its request for an Order that Defendants

complete the Fact Information Sheet to aid in Plaintiff's execution efforts.   Contrary to

Defendants' position, Plaintiff is entitled to seek completion of the Fact Information Sheet in

addition to -- not in lieu of -- other traditional discovery methods such as requests for production,

interrogatories, and depositions.

     **I.**       **ARGUMENT**

Plaintiff's request to have Defendants complete the Fact Information Sheet is appropriate.

Defendants' argument that the Fact Information Sheet is "not part of the Federal Rules of

Procedure" is a non-sequitur.  (Def. Resp. at 1).  Federal Rule of Civil Procedure 69(a) dictates

1

that proceedings in aid of execution "must accord with the procedure of the state where the court is located." These procedures are contained within Florida Rule Civil Procedure 1.560, which is entitled "Discovery in Aid of Execution." *See Trustees of N. Florida Operating Engineers Health and Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993) (holding that judgment creditor may seek discovery in accordance with Fla. R. Civ. P. 1.560); *see also In re Clerici*, 481 F.3d 1324, 1336 (11th Cir. 2007) (observing that Fed. R. Civ. P. 69(a) "itself does not prescribe a practice and procedure for gathering evidence, but gives the judgment creditor the choice of federal or state discovery rules").

The Fact Information Sheet that Plaintiff seeks to have completed is expressly allowed pursuant to Rule 1.560(b). Thus, it is a wholly appropriate vehicle for discovery in aid of execution. Additionally, Defendants' contention that Plaintiff is seeking the Fact Information Sheet in lieu of "other available forms of discovery" is wrong. (Def. Resp. at 1). Plaintiff plans on conducting discovery in aid of execution through other means as well, e.g., document requests, interrogatories, and depositions. Rule 1.560(a) holds that a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules." Pursuant to Florida Rule of Civil Procedure 1.280(a), parties may obtain discovery through "depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes . . . and requests for admission." Rule 1.560(b) makes clear that the Fact Information Sheet is "[i]n addition to any other discovery available to a judgment creditor under this rule."[1]

---

[1] The Fact Information Sheet can only be issued by Court Order. Fla. R. Civ. P. 1.560(b). The other procedures, such as depositions and interrogatories in aid of execution do not require a Court Order. That is why the initial Motion only requested the Fact Information Sheet to be completed and did not address any other forms of discovery.

In addition, Defendant should have to complete the entire Fact Information Sheet, including the information concerning his spouse's assets.  Rule 1.560 plainly allows for "discovery from any person," and that includes the judgment debtor's spouse.  Fla. R. Civ. P. 1.560(a) & (d).  This eviscerates Defendants' claim that discovery of assets is reserved for "after judgment has been entered against that person."  (Def. Resp. at 2).[2]  A proper predicate does exist for this discovery.  Plaintiff has a judgment against Defendants (including a personal judgment against Thomas Downs) for over $6 million, none of which has been paid.[3]  Plaintiff has a right to obtain information to assist its enforcement efforts, including determining whether any transfers of assets have been made to Mr. Downs' spouse that could be clawed back.[4]  This includes any property that may be held as tenants by the entireties.  *See Havoco of America, Ltd. v. Hill*, 197 F.3d 1135, 1139 (11th Cir. 1999) (stating that under Florida common law "when tenancy-by-the-entireties is created via a fraudulent conveyance, it may be avoided as such").

As for Defendants' attempt to limit discovery to assets located within this District, it should be rejected.  Protective orders should not be entered lightly and the party seeking the entry of a protective order must demonstrate "good cause."  *In re Winn Dixie Stores, Inc.*, 2007

---

[2] Defendants' citation to *Gruman v. Bankers Trust Co.*, 379 So. 2d 658, 659 (Fla. 3d DCA 1980) is unpersuasive.  In *Gruman*, there were no execution proceedings whatsoever.  *Id.*  Financial information was being sought during the liability phase of the case.  That is unlike the situation here.  Moreover, Defendants' statements about privacy interests in financial information likewise fail.  Clearly, by the express terms of Florida Rule of Civil Procedure 1.560(a) & (d), the Florida Legislature has endorsed broad discovery, which includes discovery from third parties, to assist in execution of judgments.

[3] Plaintiff is attempting to sell the Aircraft that was at issue in this Matter, which this Court ordered to be in Plaintiff's possession.  As discussed more thoroughly in Plaintiff's Reply to the separate Motion for Writs of Execution, the current retail value of the Aircraft does not come close to approaching $6 million.  It is clear that there will still be a significant deficiency after any sale.

[4] If the Court does not believe there is a predicate to compel Mr. Downs to complete the spouse information section, this does not prevent the Court from ordering Defendants to complete the other sections.  Furthermore, Plaintiff should be allowed to inquire about any potential transfers of property/assets made to insiders through other discovery devices, such as interrogatories and depositions.

U.S. Dist. LEXIS 47014, at *4 (M.D. Fla. June 28, 2007).  The discovery rules are purposefully broad to allow for full disclosure of relevant facts.  Plaintiff has a right to discover where potentially executable assets are located, and if there have been any recent asset transfers to insiders that could be challenged.

While it is true that this Court could only order execution on property or assets located within this District, Plaintiff does have the right to register its judgment in all federal judicial districts and all states in which Defendants have assets.  It makes the most sense that Plaintiff be entitled full discovery of all of Defendants' assets through this action, so that it can then register the judgment where necessary and begin execution.  For Mr. Downs -- who apparently has a physical condition that requires avoidance of stress -- it is much more reasonable that he disclose all information in this action, which may eliminate or reduce the need to participate in more burdensome discovery procedures under the Federal Rules.[5]  For example, if discovery in this matter was only limited to assets within this District, then Plaintiff would be forced to conduct separate discovery in all the separate actions where the judgment is registered.  This could potentially subject Mr. Downs to multiple depositions and answering multiple interrogatories designed to find assets within each separate judicial district.  That would be burdensome for both sides.  Thus, there is no good cause for discovery to be so limited in this Matter.

---

[5] Defendants also ask that a stay of discovery be put in place "until such time as [Mr. Downs'] cardiologist deems that [his] condition has improved to the point of being able to handle stress."  (Def. Resp. at 5).  Plaintiff is in no way downplaying Mr. Downs' condition.  It would like to point out, however, that the letter Defendants filed as "Exhibit A" to their Response was faxed on September 8, 2010.  That was over 4 months ago.  Plaintiff believes it is reasonable to require Defendants to provide updated medical information to this Court concerning Mr. Downs' condition.

**II.     CONCLUSION**

Plaintiff has a large judgment outstanding against Defendants.  It is entitled to discovery in aid of execution within the permissible bounds of the Florida Rules.  This includes the Form 1.977 Fact Information Sheet.  As such, this Court should grant Plaintiff's Motion.

Respectfully submitted,

BLANK ROME LLP

_____/s/ Francis X. Crowley_____

JOHN E. LUCIAN
Florida Bar No. 177342
FRANCIS X. CROWLEY (*pro hac vice*)
JARET N. GRONCZEWSKI (*pro hac vice*)
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5627
Fax: (215) 832-5627
Email:  crowley@blankrome.com
        gronczewski@blankrome.com
        lucian@blankrome.com

and

1200 North Federal Highway, Suite 312
Boca Raton, FL  33432
Phone: (561) 417-8100

*Attorneys for Plaintiff*

Dated: January 28, 2011

## CERTIFICATE OF SERVICE

I, Jaret N. Gronczewski, hereby certify that I caused to be served a copy of the foregoing

via U.S. First Class Mail postage prepaid to the following:

David J. Volk
Volk Law Office, P.A.
700 South Babcock Street, Suite 402
Melbourne, Florida 32901

*Attorney for Defendants*

__/s/ Jaret N. Gronczewski_____
Jaret N. Gronczewski

Dated: January 28, 2011